UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANDY MAESTAS,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE DEPARTMENT APPEALS CORRECTION BOARD,<br><br>Defendant. | No. 1:23-cv-00668 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATION<br><br>ORDER RECOMMENDING DISMISSAL WITHOUT PREJUDICE FOR PLAINTIFF'S FAILURE TO PROSECUTE AND FAILURE TO KEEP COURT APPRISED OF HIS CURRENT ADDRESS<br><br>(ECF No. 7)<br><br>PLAINTIFF'S OBJECTIONS DUE IN FOURTEEN DAYS |

Plaintiff, a former state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, the undersigned will recommend that this matter be dismissed for failure to prosecute and for failure to keep the Court apprised of his current address. Plaintiff will have fourteen days to file objections to this order.

I. RELEVANT FACTS

On May 2, 2023, Plaintiff's complaint and application to proceed in forma pauperis were docketed. ECF Nos. 1, 2. Shortly thereafter, Plaintiff's application to proceed in forma pauperis

1  was granted. ECF No. 5.

2  On March 17, 2025, Plaintiff's complaint was screened. ECF No. 7. In the screening
3  order the Court found that the complaint failed to state a claim upon which relief could be
4  granted. Id. at 8. As a result, Plaintiff was given the opportunity to file an amended complaint.
5  Id. He was given thirty days to do so. Id.

6  On April 8, 2025, the Court's order which gave Plaintiff the opportunity to file an
7  amended complaint was returned marked "Undeliverable, Discharged and/or Inactive."
8  Furthermore, a search for Plaintiff on the California Department of Corrections and
9  Rehabilitation's ("CDCR") website under his inmate ID number "BR0576" yields a "No Results"
10 response. See https://ciris.mt.cdcr.ca.gov/search, then input Plaintiff's Inmate No. "BR0576"
11 (last visited 6/2/25).

12 In sum, Plaintiff is likely no longer in custody at the CDCR. To date Plaintiff has not
13 filed a change of address with the Court, nor has he requested an extension of time to do so. Nor
14 has Plaintiff filed an amended complaint.

15 II.   APPLICABLE LAW

16    A.   Federal Rule of Civil Procedure 41(b) and Local Rules 182(f) and 183(b)

17 Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails
18 to prosecute or he fails to comply with a court order. See Fed. R. Civ. P. 41(b). Local Rule
19 182(f) permits service to be effective service at a prior address if a party fails to notify the Court
20 and other parties of his address change. Id. Finally, Local Rule 183(b) gives a party who appears
21 in propria persona a period of time to file a notice of change of address if some of his mail is
22 returned to the Court. Id.

23    B.   Malone Factors

24 The Ninth Circuit has clearly identified the factors to consider when dismissing a case for
25 failure to comply with a court order. It writes:

26
27    A district court must weigh five factors in determining whether to dismiss a case
      for failure to comply with a court order: "(1) the public's interest in expeditious
28    resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

> prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."

Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829 (9th Cir. 1986) (per curiam)).

### III. DISCUSSION

#### A. Rule 41(b) and Local Rules 182(f) and 183(b) Support Dismissal of This Case

Although the docket indicates that Plaintiff's copy of the order that gave him the opportunity to file an amended complaint was returned to the Court, Plaintiff was properly served. It is a plaintiff's responsibility to keep a court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective. Furthermore, the fact that Plaintiff has failed to file a notice of change of address with the Court warrants the dismissal of this matter in accord with Rule 41(b) and Local Rule and 183(b).

#### B. Application of Malone Factors Supports the Dismissal of This Case

##### 1. Expeditious Resolution of Litigation; Court's Need to Manage Its Docket

Plaintiff has been given sufficient time to file a notice of change of address as well as to file an amended complaint. Yet, he has failed to do either, nor has he contacted the Court to provide exceptional reasons for not having done so.

The Eastern District Court has an unusually large caseload.[1] "[T]he goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of frivolous and repetitious requests." Whitaker v. Superior Court of San Francisco, 514 U.S. 208, 210 (1994) (brackets added) (citation omitted). Thus, it follows that

---

[1] The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation. See Office of the Clerk, United States District Court, Eastern District of California, 2024 Annual Report, "Weighted Filings," p. 35 (2024) ("[O]ur weighted caseload far exceeds the national average . . . ranking us fourth in the nation and first in the Ninth Circuit."). This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

3

keeping this case on the Court's docket when Plaintiff has not attempted to file a notice of current address with the Court or to file an amended complaint is not a good use of the Court's already taxed resources. Indeed, keeping this matter on the Court's docket would stall a quicker disposition of this case. Additionally, in fairness to the many other litigants who currently have cases before the Court, no additional time should be spent on this matter.

### 2. Risk of Prejudice to Defendants

Furthermore, because viable Defendants have yet to be identified and served in this case, no one has put time and effort into defending against it. As a result, there will be no prejudice to anyone other than Plaintiff if the matter is dismissed. On the contrary, dismissal will benefit any potentially viable Defendants because they will not have to defend themselves against Plaintiff's complaint.

### 3. Availability of Less Drastic Sanctions; Favored Disposition of Cases on Merits

Finally, given that Plaintiff has had sufficient time under the Local Rules to file a change of address,[2] without any notice from Plaintiff of his new address, there is no less drastic option than dismissal. Although the disposition of cases on their merits is preferred, this matter cannot be prosecuted without a current address for Plaintiff and without participation by Plaintiff, nor can it be disposed of on its merits.

### IV. CONCLUSION

For these reasons, consistent with Federal Rule of Civil Procedure 41(b) and Local Rules 182(f) and 183(b), and having considered the Malone factors, the undersigned recommends that this matter be dismissed without prejudice for failure to prosecute. Plaintiff will have fourteen days to file a response to these findings and recommendations.

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this matter.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED without prejudice

---

[2] In 2025, the period that a litigant appearing in propria person has to file a notice of change of address was reduced from sixty-three days to thirty days. See Local Rule 183(b).

for failure to prosecute and for failure to keep the Court apprised of his current address. See Fed. R. Civ. P. 41(b); Local Rule 183(b).

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and it shall not exceed fifteen pages.

The Court will not consider exhibits attached to the objections.  To the extent that Plaintiff wishes to refer to any exhibit, when possible, he must reference the exhibit in the record by its CM/ECF document and page number or reference the exhibit with specificity.  Any pages filed in excess of the fifteen-page limit may be disregarded by the District Judge when conducting the 28 U.S.C. § 636(b)(l)(C) review of the findings and recommendations.  Plaintiff's failure to file objections within the specified time may result in the waiver of certain rights on appeal. See Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 5, 2025**              **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE