1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RANDY MAESTAS,                                No.  1:23-cv-00668 KES GSA (PC)

12                   Plaintiff,                    ORDER ADOPTING FINDINGS AND
                                                   RECOMMENDATIONS
13          v.
                                                   Doc. 9
14   OFFICE DEPARTMENT APPEALS
     CORRECTION BOARD,
15
                     Defendant.
16

17          Plaintiff, a former state prisoner proceeding pro se, has filed this civil rights action

18   seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States magistrate

19   judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

20          On June 5, 2025, the assigned magistrate judge issued findings and recommendations

21   recommending that this action be dismissed without prejudice due to plaintiff's failure to

22   prosecute and failure to keep the Court apprised of his current address as required by Local Rule

23   183(b).  Doc. 9.  Specifically, the magistrate judge found that the relevant factors—that is, the

24   public's interest in expeditious resolution of litigation; the court's need to manage its docket; the

25   risk of prejudice to the defendant; the public policy favoring disposition of cases on their merits;

26   and the availability of less drastic sanctions—weigh in favor of dismissing the case without

27   prejudice as a sanction for plaintiff's failure to prosecute and failure to comply with the Local

28   Rules.  *Id.* at 2–4 (applying *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987)

                                                  1

1    (failure to comply with a court order)); *see also Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th

2    Cir. 1986) (failure to prosecute); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (failure to

3    prosecute based on noncompliance with local rule).  The findings and recommendations were

4    served on plaintiff and contained notice that any objections thereto were to be filed within

5    fourteen days after service.  Doc. 9 at 5.  To date, plaintiff has not filed objections to the findings

6    and recommendations and the time to do so has passed.

7            In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de

8    novo review of this case.  Having carefully reviewed the file, the Court finds that the conclusion

9    that the relevant factors support dismissal of this case without prejudice for failure to prosecute

10   based on noncompliance with Local Rule 183(b) is supported by the record.

11           As the findings and recommendations correctly note, the first two factors weigh in favor

12   of dismissal.  *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's

13   interest in expeditious resolution of litigation always favors dismissal.").  The public's interest in

14   expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of

15   dismissal because the Court cannot effectively manage its docket, nor can the litigation be

16   expeditiously resolved, as plaintiff has failed to keep the Court apprised of his current address.

17   *See Carey*, 856 F.2d at 1441 ("A party, not the district court, bears the burden of keeping the

18   court apprised of any changes in his mailing address.").

19           As to the third factor, the risk of prejudice to the defendant also weighs in favor of

20   dismissal, given that unreasonable delay in a case gives rise to a presumption of injury to the

21   defendant.  *See, e.g.*, *Anderson v. Air W., Inc.*, 542 F.2d 522, 524 (9th Cir. 1976); *see also Carey*,

22   856 F.2d at 1440, 1441 (rejecting argument that an approximately two-month delay was not

23   unreasonable where plaintiff failed to keep court apprised of current address).  While the fourth

24   consideration, that public policy favors disposition of cases on their merits, generally weighs

25   against dismissal, here it lends little support "to a party whose responsibility it is to move a case

26   toward disposition on the merits but whose conduct impedes progress in that direction."  *In re*

27   *Phenylpropanolamine (PPA) Products Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citations

28   omitted).

2

Finally, there is little else available to the Court that would constitute a satisfactory lesser sanction given the Court's apparent inability to communicate with plaintiff. *See, e.g., Gaston v. Marean*, 2020 WL 4059200, at *3 (E.D. Cal. July 20, 2020) ("[G]iven the Court's apparent inability to communicate with Plaintiff, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute this action."). Without plaintiff having updated his current address, this matter cannot be prosecuted, nor can it be disposed of on its merits.

Accordingly:

1.     The findings and recommendations issued June 5, 2025, Doc. 9, are adopted;

2.     This matter is dismissed without prejudice for failure to prosecute and for failure to comply with Local Rule 183(b); and

3.     The Clerk of the Court is directed close this case.

IT IS SO ORDERED.

Dated:   July 1, 2025

_____
UNITED STATES DISTRICT JUDGE

3